**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MAXTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 2:22-cv-05787<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>Unlawful Recording of Cellular Communications under California Penal Code Section 632.7<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibited intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

2. The plaintiff John Maxton ("Plaintiff") individually and on behalf of all others similarly situated in California ("Class Members"), brings this action for damages and injunctive relief against defendant Hilton Worldwide Holdings Inc. ("Hilton" or "Defendant"), for Defendant's unauthorized and illegal recordings of conversations with Plaintiff without any notification or warning to Plaintiff or Class Members, causing Plaintiff and Class Members damages and invasion of privacy.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one defendant; there are more than 100 class members; and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

8. Defendant is a corporation that is incorporated under the laws of Delaware and with its principal place of business in McLean, Virginia.

9. The Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with California and this judicial district.

10. Upon information and belief Defendant, at all material times hereto, made unlawful and illegal recordings of conversations with customers, including Plaintiff.

11. Venue is proper in this Court because, (i) a substantial part of the events giving rise to the Plaintiff's claims against Defendant occurred within this judicial district (Plaintiff's telephone call was illegally recorded while Plaintiff was within this judicial district) and (ii) Defendant conducts business within this judicial district.

## PARTIES

12. Defendant was, and is, a corporation incorporated under the laws of the State of Delaware with its principal office located at 7930 Jones Branch Drive, Suite 1100, McLean, Virginia 22102.

13. Upon information and belief, the website for Defendant is www.hilton.com.

14. Plaintiff is a natural person and who resides in Las Vegas, Nevada.

## FACTUAL ALLEGATIONS

15. Upon information and belief, Defendant is an online travel agency for lodging reservations and other travel products.

16. On or about July 6, 2022, at approximately 7:45 p.m. PST, Plaintiff was on his way to Santa Monica, California, from Valencia, California, when Plaintiff

stopped for a hike near Griffith Park, in Los Angeles, California, and used the "Hilton Honors" application on his smartphone to book a one (1) night stay at the Hilton Santa Monica Hotel & Suites (the "Hotel").

17. A few minutes before booking the hotel room, Plaintiff, using his cellular telephone (starting with California area code, "909"), called Defendant's phone number at (310) 395-3332 to inquire about the Hotel and its rates.

18. Plaintiff heard no recording disclosure at the outset of his call to Defendant's phone number. Instead, he was presented with several call options, one of which was "zero" ("0") to speak to a live representative.

19. Plaintiff, wanting to speak to a live representative, pressed "0" and was subsequently connected to one of Defendant's representatives. However, at no point during Plaintiff's conversation with that representative did the representative indicate that the phone call was being recorded.

20. When Plaintiff arrived at the Hotel and accessed his hotel room, he was not pleased at its condition, so Plaintiff requested another hotel room from Defendant's front-desk staff.

21. On or about July 7, 2022, at approximately 10:48 a.m. PST, Plaintiff called Defendant's phone number at (310) 395-3332 again and pressed "0."

22. Again, no recording disclosure was given at the outset of the call or at any point during Plaintiff's conversation with one of Defendant's representatives.

23. During the second phone call, Plaintiff spoke to an individual by the name of "Jenny," who was Defendant's front office manager, about his disappointing stay because the second hotel room he was provided came with a defective smoke detector that was beeping uncontrollably for about twenty (20) minutes while Plaintiff was in his room.

24. On or about July 8, 2022, Plaintiff called Defendant's phone number at (310) 395-3332 approximately seven (7) more times for various reasons relating to his unpleasant stay. At no point during any of those calls was Plaintiff made

aware of the fact that he was being recorded.

25. On or about July 9, 2022, at 4:36 p.m. PST, Plaintiff called Defendant's phone number at (310) 395-3332. When prompted, Plaintiff pressed "0" and was transferred to a Hotel employee named Adam, who introduced himself and indicated that he was "on a recorded line."

26. Surprised, Plaintiff asked Adam, for clarification, whether the call was being recorded, to which Adam replied "yes."

27. In response to this clarification, Plaintiff indicated that he had called Defendant's phone number several times before and that this was the first time he had ever received a disclosure that his call was being recorded.

28. Adam then stated that "all calls are recorded" and that some of Defendant's employees fail to notify callers that this is the case.

29. Shocked at Adam's answer, Plaintiff hung up the phone.

30. Taking a moment to composing himself, Plaintiff decided to call Defendant's phone number at (310) 395-3332 a few minutes later to confirm whether the call was being recorded.

31. During the second call on July 9, 2022, Plaintiff was reconnected with Defendant's employee, Adam, who once again introduced himself and stated that the call was being recorded. This time, Plaintiff asked Adam to transfer the call to a manager.

32. After the second call on July 9, 2022, was transferred to a manager, Plaintiff asked the manager whether the call was recorded, and in response, the manager told Plaintiff that he could neither confirm nor deny whether the call was recorded. Not satisfied with the manger's response, and not wanting to risk being recorded, Plaintiff ended the call.

33. The notion that he may have been recorded without his consent came as a shock to the Plaintiff, and he was upset that Defendant had not informed him that the call would be audio recorded and considered it an invasion of

Plaintiff's right to privacy.

34. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording telephone calls from Plaintiff or that Defendant intended to record the calls before the untimely disclosure by Defendant's employee.

35. Defendant concealed the fact that it was recording the afore-mentioned telephone calls on several occasions to create the false impression in the minds of Plaintiff and those similarly situated without their knowledge or consent that they were not being recorded.

36. Before or at the outset of the phone calls there was no verbal warnings that the calls were, or even may, be recorded. Such warnings are ubiquitous today when companies elect to audio record telephone calls with consumers.

37. California law requires consent from all parties to the call, particularly when Plaintiff is a California resident and was present in California at the time of the call.

38. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California law.

39. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant audio recorded one or more cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Class pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

41. Plaintiff is a member of the proposed Class consisting of and defined as follows:

> All persons in California whose inbound and outbound cellular telephone conversations were recorded by Defendant and/or its employees and/or agent/s within one year prior to the filing of this action.

42. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

43. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

44. <u>Numerosity</u>: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant audio recorded calls of at least several thousand class members in California during the Class Period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

45. <u>Commonality:</u> There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendant recorded any call with the California members of the Class;
- Whether Defendant had and continues to have a policy during the relevant period of recording telephone calls;

- Whether Defendant had and continues to have a policy during the relevant period of recording cellular telephone calls with the Class members;
- Whether Defendant recorded the calls without first advising of call recording at the outset of the calls;
- Whether Defendant's policy or practice of recording telephone communications with Class members constitutes a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violation; and,
- Whether Defendant should be enjoined from engaging in such conduct in the future.

46. Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

47. Plaintiff represents and is a Class member because Plaintiff called and spoke with Defendant or its agent for a time without a prompt or proper warning that the call was being recorded, and Defendant recorded its conversations with Plaintiff without recording advisements at the outset or prior to recording the conversation.

48. Plaintiff and Class members were harmed by the acts of Defendant in at least the following ways: Defendant illegally recorded the Plaintiff and Class members by way of their cellular telephones thereby causing Plaintiff and Class members to have personal information revealed without notification that their conversation was being recorded and by invading the privacy of said Plaintiff and Class members. Plaintiff and Class members were damaged thereby.

49. Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the

interests of each Class member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he will have an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of California Penal Code Section 632.7.

50. <u>Predominance</u>: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and Class members are capable of proof at trial through evidence that is common to the class rather than individual to its members.

51. <u>Superiority</u>: Plaintiff and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly because individual Class members have no way of discovering that Defendant recorded their telephone conversations without Class members' knowledge or consent. Furthermore, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger. Because of the relatively small size of the individual Class members claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class

members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

52. The Class may also be certified because:

   (a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

   (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   (c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

53. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

54. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class members can be identified through Defendant's records.

## COUNT I
### ILLEGAL TELEPHONE RECORDING OF CELLULAR PHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record cellular telephone communications between Defendant and Plaintiff and California Class members.

57. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning personal matters between Defendant and Plaintiff and Class members.

58. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class members immediately before or at the outset of the calls that the cellular telephone communications with Defendant would be recorded.

59. Defendant failed to obtain consent of Plaintiff and Class members prior to recording any of their cellular telephone conversations.

60. Defendant's conduct violated section 632.7(a) of the California Penal Code.

61. Plaintiff and Class members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation.

62. Plaintiff is also entitled to attorneys' fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, pray that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, and each of them, as follows:

- That the action regarding each violation of the Invasion of Privacy and Cal.

Penal Code Section § 632.7 be certified as a class action on behalf of the Class and requested herein;

- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- An amount of $5,000 for each violation of Section 632.7 of the California Penal Code, pursuant to Cal. Pen. Code § 637.2(a);
- Injunctive relief to prevent the further occurrence of such illegal acts alleged herein pursuant to Cal. Pen. Code § 637.2(b);
- Reasonable attorneys' fees, pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5 and the common fund doctrine;
- Costs of suit; and
- All other relief that the Court may deem just and proper including interest.

## JURY DEMAND

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and Class members are entitled to, and demand, a trial by jury.

Dated: August 16, 2022                             Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com

*Attorneys for Plaintiff*

**Additional Counsel for Plaintiff**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Gil Melili, Esq. (SBN: 337116)
gil@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523